UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770



January 17, 2023

LETTER TO COUNSEL

    RE:    *Donell F. v. Kijakazi, Acting Commissioner of Social Security*
            Civil No. GLS-21-2399

Dear Counsel:

    Pending before this Court are cross-motions for summary judgment, filed by Plaintiff Donell F. ("Plaintiff") and the Social Security Administration. (ECF Nos. 15, 17). The Plaintiff also filed a reply brief. (ECF No. 18). Upon review of the pleadings and the record, the Court finds that no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2021).

    The Court must uphold the decision of the Social Security Administration ("SSA" or "the Agency") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* For the reasons set forth below, I will deny the motions, reverse the Commissioner's decision in part, and remand the case back to the SSA for further consideration.

I.     BACKGROUND

    Plaintiff filed a Title II application for Disability Insurance Benefits, and a Title XVI application for Supplemental Security Income, on August 30, 2017. (Tr. 298). In both applications, the Plaintiff alleges that disability began on May 20, 2017. (Tr. 298, 300). These claims were initially denied on November 16, 2017, and upon reconsideration, denied again on May 17, 2018. (Tr. 145, 173). On June 4, 2018, Plaintiff filed a written request for a hearing, which was granted. (Tr. 195-96). A hearing was held on April 16, 2020, in front of an Administrative Law Judge ("ALJ") but was adjourned because the ALJ sought additional documentation from Plaintiff. (Tr. 120-121). On August 3, 2020, the ALJ conducted a full hearing. (Tr. 74). On December 3, 2020, the ALJ found that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. (Tr. 66). On July 16, 2021, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr. 1). *See also* 20 C.F.R. § 422.210(a).

**II.     ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if his/her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520(a); 416.920(a). *See e.g., Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assess whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and duration requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, i.e., a claimant's impairment is severe but does not meet one or more of the Listings, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC"). A claimant's RFC is the most that a claimant could do despite his/her limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). Also at step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by his/her impairments. Finally, at step five, the ALJ analyzes whether a claimant could perform jobs other than what the claimant performed in the past, and whether such jobs exist in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v).

At steps one through four, it is the claimant's burden to show that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled. *Hunter v. Sullivan*, 993 F.3d 31, 35 (4th Cir. 1992).

Here, the ALJ evaluated Plaintiff's claim by following the sequential evaluation process outlined above. (Tr. 58-66). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 20, 2017, the alleged onset date of Plaintiff's disability. (Tr. 58). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: right femur fracture, left hemipelvic and acetabular fracture, left patella fracture, osteoarthritis of the right hip, and degenerative joint disease of the bilateral knees. (Tr. 59). The ALJ found these impairments were severe because these impairments significantly limit the Plaintiff's ability to perform basic work activities as required by Social Security Ruling ("SSR") 85-28. (*Id.*). However, at step three

*Donell F. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS-21-2399
January 17, 2023
Page 3

the ALJ also determined that none of Plaintiff's impairments or combination of impairments met or medically equaled one or more of the Listings. (Tr. 60-61). Taking into account Plaintiff's severe impairments, the ALJ next assessed the Plaintiff's RFC. Despite Plaintiff's severe impairments, the ALJ determined that Plaintiff had the RFC to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with additional limitations. Specifically, the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for up to two hours in an eight-hour workday, and sit for up to six hours in an eight-hour workday with a sit stand option as often as every 30 minutes whiles remaining on task. Additionally, he could frequently push and/or pull with his lower extremities. He could also occasionally climb ramps and stairs, balance, and stoop; and never crouch, kneel, crawl, and climb ladders, ropes, or scaffolds. Moreover, the claimant requires an assistive device to ambulate.

(Tr. 61). At step four, the ALJ found that Plaintiff was unable to perform past relevant work. (Tr. 64). Before making a finding regarding step five, the ALJ conducted a hearing. (Tr. 74). At that hearing, a vocational expert ("VE") testified about whether a hypothetical person with the same RFC as the Plaintiff would be precluded from performing the Plaintiff's past work as a lubrication servicer. (Tr. 102). The VE testified that such past work could not be performed. (*Id.*). However, the VE testified that the individual could perform work existing in the general economy, including as a ticket taker, parking cashier, and mail clerk. (Tr. 102-03). According to the VE, these jobs would accommodate an individual that needed to sit for long periods of time. The VE also testified that an individual could not miss more than one day per month of work and could not be off-task nine percent or more of the workday, because that individual would be precluded from competitive employment. (Tr. 103-104). At step five, the ALJ ultimately determined that Plaintiff was not disabled, because he could perform other work existing in significant numbers in the national economy, e.g., as a ticket taker, parking cashier, and mail clerk. (Tr. 65-66).

### III.   DISCUSSION

In requesting summary judgment, Plaintiff contends that substantial evidence does not exist to support the ALJ's decision for the following reasons: (1) the ALJ improperly based his decision on the RFC assessments of the state agency medical consultants, both of which failed to incorporate the most recent medical evidence; and (2) assuming the ALJ's assessment accounted for the most recent medical evidence, the ALJ still failed to adequately explain how the evidence supported his conclusion that the Plaintiff could perform sedentary work with a "sit-stand" option. (ECF No. 15, "Plaintiff's Motion," pp. 8-13; ECF No. 18, "Plaintiff's Reply," pp. 1-4). The SSA counters that: (1) the ALJ considered the full record; and (2) the ALJ properly assessed the medical evidence alongside the record as a whole (ECF No. 17, "SSA's Motion," pp. 4-11).

I have carefully reviewed the arguments and the record. I find persuasive Plaintiff's

contention that the ALJ failed to explain how the evidence supports his RFC determination that Plaintiff could perform "sedentary" work with a "sit-stand" option. Accordingly, I find that remand is appropriate, for the reasons set forth below.

As a preliminary matter, the SSA has created a system through which it defines the physical exertional requirements for jobs in the national economy. Within this system, there are five categories in which a job may fall: (1) sedentary; (2) light; (3) medium (4) heavy; and (5) very heavy. Sedentary work is defined as work that "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." In addition, this category includes jobs that allow for sitting and only require "occasional" walking and standing. *See* 20 C.F.R. § 404.1567; 20 C.F.R. § 416.967.

In forming his conclusion, the ALJ must outline the work an individual can perform and discuss the individual's exertional limitations. The Fourth Circuit requires an ALJ's findings regarding a claimant's RFC to be "accompanied by 'a narrative discussion describing' the evidence supporting" each conclusion. *Id.* (quoting *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)); *see also* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). A proper RFC narrative consists of: "(1) evidence; (2) [a] logical explanation; and (3) [a] conclusion." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (citation omitted). In the narrative discussion, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Petry v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (citation omitted). This involves "citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p, 61 Fed. Reg. 34,478 (July 2, 1996) (internal quotation marks omitted)). An ALJ's logical explanation is just as important as the other two components of the RFC analysis. *Rosalind M. v. Saul*, Civ. No. GLS-19-2791, 2020 WL 6450503, at *2 (D. Md. Nov. 3, 2020).

As mentioned, in this case the ALJ determined that the Plaintiff has the RFC to perform sedentary work with "additional limitations." The ALJ found that the Plaintiff needs to be able to switch from standing to sitting and vice versa "as often as every 30 minutes." In making this determination, the ALJ said that he "considered all symptoms," "medical opinions," and "prior administrative medical findings." The ALJ specifically identified the medical assessment of Dr. Colley, the state agency medical consultants, and images taken in 2019 which show a "chronic malunited fracture of [the] right distal femur" and "heterotopic ossification of the left hip." Although these images postdated the assessments of the medical professionals, the ALJ found the images to be "consistent" with those assessments. (Tr. 61, 63-64).

The Plaintiff argues, in part, that the ALJ inadequately explained how the imaging data "is compatible with the ability to sit for six hours and stand and/or walk for two hours in an eight-hour workday." The Plaintiff asserts that this lack of explanation is "critical" as it precludes the Court from assessing how the ALJ came to his conclusion. (Plaintiff's Motion, p. 11). The SSA counters this argument by stating that "the ALJ considered the imaging studies, along with additional evidence." (SSA's Motion, pp. 6-7).

After performing a review of the ALJ's decision, the Court cannot find that the ALJ created an "accurate and logical bridge" between the evidence to which he cites and his RFC determination. Even if the Court accepts the proposition put forward by the SSA that the ALJ considered both the imaging scans and other evidence, the Court finds that the ALJ failed to include the requisite description of how that evidence supports his RFC determination. Thus, even though the ALJ does *cite* to evidence in the record (e.g., imaging data) while outlining his RFC determination, the ALJ fails to go further and provide a narrative discussion linking the evidence to his ultimate conclusion.

The Court finds instructive *Woods v. Berryhill*, 888 F.3d 686 (4th Cir. 2018). In *Woods*, the ALJ concluded that the plaintiff could perform "medium" work. In reviewing the ALJ's decision, the court stated that the ALJ "summarized evidence he found credible, useful, and consistent." *Id.* at 694. However, the court found the ALJ's decision lacking as it did not describe how the cited evidence supported the various limitations contained within the RFC. *Id.* The court found that the decision was not supported by substantial evidence because "the ALJ never explained how he concluded—*based on this evidence*—that [the plaintiff] could actually perform the tasks required by medium work … [t]he ALJ therefore failed to build an 'accurate and logical bridge.'" *Id.* In the absence of a narrative discussion, the court found that remand was appropriate. *Id.* at 695; *see also Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (an ALJ's decision must include a discussion connecting the evidence to each conclusion).

The same deficiencies are present in this case. The ALJ's decision is full of citations to relevant evidence and descriptions of the evidence. However, a discussion which links the cited evidence to the fashioned RFC is missing. Specifically, the ALJ gives no explanation as to how the 2019 imaging data—which, as the Court noted, postdates the state agency medical opinions—that shows "heterotopic ossification" of the left hip, "degenerative changes" in the knees and right hip, and "chronic malunited fractures" in the lower extremities is compatible with the Plaintiff being able to perform sedentary work with a sit-stand option. (Tr. 61-66). Nowhere in the decision does the ALJ describe how the 2019 images support certain limitations or, more generally, the RFC as a whole. Rather than providing a narrative discussion linking the 2019 images to his conclusion, the ALJ merely states that the images are "consistent" with the state agency medical opinions. (Tr. 63-64). This conclusory assertion falls short of a narrative discussion and fails to create an "accurate and logical bridge" between the evidence and the ALJ's RFC determination. *See Williams v. Berryhill*, Civ. No. TMD-17-1083, 2018 WL 3092273, at *6 (D. Md. June 22, 2018) ("ALJ must both identify evidence that supports his conclusion and 'build an accurate and logical bridge from [that] evidence to his conclusion'"). Without more, the Court is left to guess how the ALJ formed his conclusion and cannot find that the ALJ's decision is supported by substantial evidence.

In sum, I find that the ALJ failed to fashion a "logical bridge" between the evidence and his determination. *See Arakas v. Comm'r Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020). Accordingly, meaningful review is precluded, and remand is warranted. On remand, the ALJ should provide a proper narrative discussion on how the evidence supports the RFC determination and build an accurate and logical bridge from the evidence to each conclusion.

*Donell F. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS-21-2399
January 17, 2023
Page 6

### IV.     CONCLUSION

For the reasons set forth above, both parties' summary judgment motions (ECF Nos. 15, 17) are **DENIED**. In addition, consistent with sentence four of 42 U.S.C. § 405(g), the Agency's judgment is **REVERSED IN PART** due to an inadequate explanation of how the ALJ fashioned the RFC. The case is **REMANDED** for further proceedings in accordance with this opinion. I express no opinion as to whether the ALJ's ultimate finding that Plaintiff is not disabled, and therefore, not entitled to benefits, is correct. The Clerk of the Court is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such. A separate Order follows.

Sincerely,

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge